UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CYNTHIA C. DUNHAM,<br><br>      Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>      Defendant. | No. CV-10-22-JPH<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on February 4, 2011 (Ct. Rec. 10, 12). Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney Benjamin J. Groebner represents the Commissioner of Social Security (Commissioner). The parties have consented to proceed before a magistrate judge (Ct. Rec. 5). On December 6, 2010, plaintiff filed a reply (Ct. Rec. 14). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 12) and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 10).

**JURISDICTION**

Plaintiff protectively filed an application for disability insurance benefits (DIB) on February 13, 2007, alleging disability as of December 15, 2006, due to vaginal wall prolapse (Tr. 73-75,

ORDER GRANTING DEFENDANT'S
FOR SUMMARY JUDGMENT                                                    - 1 -

88). The application was denied initially and on reconsideration (Tr. 44-46, 58-49).

At a hearing before Administrative Law Judge (ALJ) Paul Gaughen on October 21, 2008, plaintiff, represented by counsel, and a vocational expert testified (Tr. 18-41). On November 19, 2008, the ALJ issued an unfavorable decision (Tr. 8-15). The Appeals Council denied Ms. Dunham's request for review on December 9, 2009 (Tr. 1-3). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on January 25, 2010 (Ct. Rec. 1).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of both plaintiff and the Commissioner, and are briefly summarized here.

Plaintiff was 50 years old at onset (Tr. 73). She graduated from high school. After completing a one year program at a community college, she earned a secretarial skills certificate (Tr. 25). Ms. Dunham has worked as a short order cook/kitchen worker, administrative clerk, substitute rural mail carrier, commercial cleaner, teacher's aide, and veterinary assistant (Tr. 14, 23, 27, 31-32, 88, 94-97, 105). Plaintiff asserts she is unable to work due to vaginal wall prolapse,[1] urinary leakage,

---

[1] Weakened pelvic floor muscles and ligaments may cause one or more organs to drop (prolapse). Rectocele and enterocele are two conditions that can result from weakening pelvic floor structures. A rectocele occurs when the thin wall of fibrous

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 2 -

```
 1  headaches, and the inability to lift more than 8 or 9 pounds (Tr.
 2  26-30). In January 2006, plaintiff underwent an abdominal
 3  hysterectomy, bilateral salpingo-oophorectomy, paravaginal repair,
 4  and Burch urethropexy (Tr. 408). On December 18, 2006, she
 5  underwent complete vaginal vault suspension surgery (Tr. 188, 190,
 6  400, 408). Plaintiff lives with her spouse. She cares for horses
 7  (with help), dogs, and a cat (Tr. 107). Activities include
 8  horseback riding, helping restore an old car, daily cooking,
 9  laundry, sweeping, driving, and shopping (Tr. 106, 108-110, 196,
10  408).
```

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the Act) defines disability as the as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

---

tissue (fascia) separating the rectum from the vagina becomes weakened, allowing the front wall of the rectum to bulge into the vagina. An enterocele is a vaginal hernia which occurs when the small intestine descends into the lower pelvic cavity and pushes the top of the vagina, creating a bulge. MayoClinic.com. Plaintiff underwent rectocele and enterocele repair on December 18, 2006, three days after onset (Tr. 190).

1  Thus, the definition of disability consists of both medical and
2  vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156
3  (9th Cir. 2001).
4      The Commissioner has established a five-step sequential
5  evaluation process for determining whether a person is disabled.
6  20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person
7  is engaged in substantial gainful activities. If so, benefits are
8  denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not,
9  the decision maker proceeds to step two, which determines whether
10 plaintiff has a medically severe impairment or combination of
11 impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).
12     If plaintiff does not have a severe impairment or combination
13 of impairments, the disability claim is denied. If the impairment
14 is severe, the evaluation proceeds to the third step, which
15 compares plaintiff's impairment with a number of listed
16 impairments acknowledged by the Commissioner to be so severe as to
17 preclude substantial gainful activity. 20 C.F.R. §§
18 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P
19 App. 1. If the impairment meets or equals one of the listed
20 impairments, plaintiff is conclusively presumed to be disabled.
21 If the impairment is not one conclusively presumed to be
22 disabling, the evaluation proceeds to the fourth step, which
23 determines whether the impairment prevents plaintiff from
24 performing work which was performed in the past. If a plaintiff is
25 able to perform previous work, that Plaintiff is deemed not
26 disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At
27 this step, plaintiff's residual functional capacity (RFC)
28 assessment is considered. If plaintiff cannot perform this work,

the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112,

1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

///

**ALJ'S FINDINGS**

At the outset the ALJ found Ms. Dunham met the DIB requirements and was insured through December 31, 2010 (Tr. 8, 10). At step one ALJ Gaughen found although plaintiff has occasionally worked part-time after onset, she has not engaged in substantial gainful activity (Tr. 10). At steps two and three, he found she suffers from prolapse of the vaginal wall, an impairment that is severe but does not meet or medically equal a Listed impairment (Tr. 10-11). The ALJ found plaintiff less than completely credible (Tr. 12). At step four, relying on the VE, he found plaintiff's RFC for a range of light work precludes any past relevant work (Tr. 11, 14, 34). At step five, again relying on the VE, the ALJ found plaintiff can work as a teacher's aide[2] (Tr. 15, 34). ALJ Gaughen found plaintiff has not been disabled as defined by the Social Security Act at any time from onset through November 19, 2008, the date of his decision (Tr. 15).

**ISSUES**

Plaintiff contends the ALJ erred when he assessed her credibility, and when he found at step five she can work as a teacher's aide (Ct. Rec. 11 at 10-14, 14-15). The Commissioner responds that the ALJ's decision is supported by substantial evidence and free of legal error, and he asks the Court to affirm (Ct. Rec. 13 at 2, 13).

**DISCUSSION**

**A. Credibility**

---

[2] Plaintiff's past work as a teacher's aide was less than SGA.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 7 -

Plaintiff asserts the ALJ erred when he found her less than fully credible, mainly because he failed to find she is limited to lifting 9 pounds or less (Ct. Rec. 11 at 11-14). Secondarily, she asserts the ALJ should have credited her testimony that she experiences urinary leakage, and at times she needs to lie down for 30-60 minutes, or longer, to relieve a sensation of abdominal pressure (Ct. Rec. 11 at 11-12; Ct. Rec. 14 at 2-3).

The Commissioner answers the ALJ's credibility assessment is supported by clear and convincing reasons, including daily activities, contradictory medical evidence, failing to follow medical advice (including failing to undergo additional physical therapy), and failing to consistently report allegedly severe urinary leakage[3] problems (Ct. Rec. 13 at 6-9).

*Conflicting medical evidence*

On January 3, 2007, about two weeks after onset, plaintiff told ARNP McFadden she will be looking for a secretarial position (Tr. 410).

Plaintiff's treating doctor, Linda Patroll, M.D., opined numerous times plaintiff is able to lift up to 15 pounds occasionally (*see e.g.*, January, February, July and November 2007; Tr. 403, 406, 408). This is the lifting limitation assessed by the ALJ.

When plaintiff was discharged after successfully completing physical therapy in September 2007, Amy Christiaens, PT, reports plaintiff is able to properly lift 15 to 20 pounds occasionally

---

[3] The Court observes before Dr. Partoll prescribed physical therapy on January 30, 2007, she noted a history of stress urinary incontinence (Tr. 408).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 8 -

(Tr. 420).

No provider has limited plaintiff to lifting 9 pounds or less.

To aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found her less than fully credible. Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F. 3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ relied, in part, on activities inconsistent with claimed severe impairment, the lack of objective medical evidence, and plaintiff's inconsistent statements when he found her less

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 9 -

than completely credible (Tr. 12-14).

The record supports the ALJ's reasons.

*Activities*. During the relevant period of December 15, 2006, through November 19, 2008, the ALJ notes plaintiff's activities have included horseback riding, laundry, pulling weeds, and helping her son take apart and completely restore a car (Tr. 11-12, 27, 29, 196, 444). It is well-established that the nature of daily activities may be considered when evaluating credibility. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

*Lack of objective medical evidence*. The ALJ relies on treating physical therapist Christiaens's September 2007 discharge report opining plaintiff is able to properly lift 15 to 20 pounds occasionally without aggravation of organ prolapse (Tr. 12, citing Ex7F/1 at Tr. 387). On the same occasion, about nine months after onset, Ms. Christiaens notes plaintiff is "doing very well at this time and has noted only one day of discomfort in the past three weeks" (Tr. 420). Four months earlier the therapist also noted plaintiff was able to occasionally lift 15-20 pounds (Tr. 423).

The ALJ relies on treating Dr. Patroll's oft-repeated opinion plaintiff is able to lift 15 pounds occasionally (Tr. 13; 403, 406, 445, 447). Although an ALJ may not reject a claimant's subjective complaints based solely on the lack of medical evidence, it is a factor the ALJ can consider. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005), citing *Bunnell v. Sullivan*, 947 F.2d 341, 345-346 (9th Cir. 1991). ALJ Gaughen relied on more than the lack of objective evidence.

*Inconsistent statements*. The ALJ observes plaintiff's testimony implies she frequently experiences urinary leakage. Yet,

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 10 -

as he points out, the medical record shows Ms. Dunham complained of this to Dr. Patroll once during the relevant period, in June 2008 [more than a year after onset] (Tr. 13, referring to Tr. 444). Inconsistencies in a claimant's testimony supports a decision by the ALJ that a claimant lacks credibility. *Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1986). At the same June 2008 appointment, plaintiff told Dr. Patroll she had experienced urinary leakage twice: once while riding her horse and once when coughing. As noted by the ALJ, Dr. Patroll recommended additional physical therapy for core strengthening. The ALJ is correct no evidence shows plaintiff sought further physical therapy, implying she did not find it a severe impairment. Noncompliance with medical care casts doubt on a claimant's subjective complaints. *Fair,* 885 F.2d at 603.

    The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002) (proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities). Although the evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner where, as here, proper legal standards were applied in weighing the evidence and making the decision. *See Brawner*, 839 F.2d at 433; *Sprague*, 812 F.2d at 1229-1230.

**B. Step five**

    Plaintiff asserts the ALJ erred when found she could work as a teacher's aide. Ms. Dunham submitted to the Appeals Council

several teacher's aide/para-educator job descriptions. They all require lifting more than 15 pounds (25, 50, 60, and 75 pounds) and are not characterized as sedentary or light (Ct. Rec. 11 at 14-15). Plaintiff asserts the additional evidence requires reversal of the ALJ's decision.

According to the Commissioner, the new evidence does not warrant remand (Ct. Rec. 13 at 12-13).

This court has jurisdiction to remand matters on appeal for consideration of newly discovered evidence. *Goerg v. Schweiker*, 643 F.2d 582, 584 (9th Cir. 1981); 42 U.S.C. § 405 (g). Section 405(g) expressly provides for remand if new evidence is "material" and there is "good cause" for the failure to incorporate the evidence in a prior proceeding. *Burton v. Heckler*, 724 F.2d 1415, 1417 (9th Cir. 1984); *Mayes v. Massanari*, 276 F.3d 453, 462)(9th Cir. 2001). To be material, the new evidence must bear directly and substantially on the matter in issue. *Kay v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985). Also, there must be a reasonable possibility that the new evidence would have changed the outcome if it had been before the Secretary. *Booz v. Secretary of Health and Human Services*, 734 F.2d 1378, 1380-1381 (9th Cir. 1984).

Plaintiff has not shown a reasonable possibility of changing the outcome of the ALJ's determination with the new evidence. The VE's testimony included the number of jobs available nationally, while plaintiff's new evidence does not relay this relevant information. Nor has plaintiff shown good cause for failing to incorporate the records prior to the ALJ's decision. Plaintiff offers no reason why this information was not solicited earlier. *See, e.g., Allen v. Secretary of Health and Human Services*, 726

F.2d 1470, 1473 (9th Cir. 1984)(seeking out a new success with the agency does not establish "good cause"). Since plaintiff fails to meet the materiality and good cause requirements, the Court is not able to consider the newly submitted evidence.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

After review the Court finds no error in the ALJ's step five determination.

## CONCLUSION

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 12)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 10)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel for Plaintiff and Defendant, enter judgment in favor of Defendant, and **CLOSE** this file.

DATED this 31st day of January, 2011.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                                                    <u>s/ James P. Hutton</u>
                                                      JAMES P. HUTTON
                                  UNITED STATES MAGISTRATE JUDGE